IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 19-00406-01-CR-W-RK ) |
| KAMEL M. ELBURKI, | ) ) |
| Defendant. | ) |

**ORDER**

Pending is Defendant Kamel M. Elburki's Motion to Reconsider Detention filed on December 15, 2021. Doc. 440. The Government filed its opposition on January 26, 2022. Doc. 458. A reply was not filed, and the time for filing a reply has passed. *See* L.R. 7.0(c)(3). After carefully reviewing the record and the parties' pleadings, the Court finds Defendant's motion should be **DENIED**.

**I.     Background**

On December 12, 2019, the grand jury returned an indictment charging Defendant with conspiracy to distribute methamphetamine and heroin (Count One); conspiracy to commit money laundering (Count Two); possession of firearms during a drug trafficking offense (Count Three); felon in possession of firearms and ammunition (Count Twelve); and possession with intent to distribute methamphetamine and heroin (Count Twenty-Two).[1] Doc. 1. Defendant appeared in court for an initial appearance on December 20, 2019. Doc. 25.

---

[1] A superseding indictment was filed on September 20, 2020. Doc. 144.

An arraignment and detention hearing was held on January 2, 2020. Doc. 40. At the conclusion of the hearing, Defendant was ordered detained pending further proceedings. *Id*. In the detention order, the Court concluded Defendant failed to introduce sufficient evidence to rebut the statutory presumption in favor of detention. Doc. 44 at 2. The Court also found no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and the defendant's appearance as required. *Id.* Several factors were identified in support of detention, including Defendant's prior criminal history; his participation in criminal activity while on probation, parole, or supervision; his history of violence or use of weapons; his history of alcohol or substance abuse; his lack of stable residence; his prior failure to appear in court as ordered; his prior attempt to evade law enforcement; his prior violations of probation, parole, or supervised release; and the lengthy period of incarceration if Defendant was convicted in this case. *Id*. at 2-3. The detention order also observed Defendant previously escaped from custody. *Id.* at 3.

On April 5, 2020, Defendant filed a Motion for Release from Custody. Doc. 85. His primary argument for release involved the COVID-19 pandemic. *Id*. at 1. On April 6, 2020, the Court denied Defendant's motion for release on the grounds that his motion did not set forth any reasons specific to his circumstances. Doc. 86.

On December 15, 2021, Defendant filed the pending Motion to Reconsider Detention. Doc. 440. Defendant contends he did not receive a "fair" detention hearing because a supplemental Pretrial Services Report prepared in this case incorporated a prior Pretrial Services Report from a related case filed in January 2019 in the Southern Division, and "[n]o pretrial report based upon an interview in the Kansas City Division contemporaneous with the indictment in this matter was

2

Case 4:19-cr-00406-RK   Document 514   Filed 05/02/22   Page 2 of 10

prepared in advance of that hearing."[2]  *Id.* at 4.  He also contends the Government improperly argued during the detention hearing that Defendant was in possession of one kilogram of heroin, which "does not comport with the discovery in the case."  *Id.*  According to Defendant, the Government argued he had an "extensive criminal history for crimes of violence, when in fact the only such history involves a misdemeanor conviction from when the Defendant was 19 years of age for assault."  *Id.*  He further contends codefendants have "had reconsiderations of their detentions and have succeeded."  *Id.*  His motion includes a proffer that Defendant obtained a bed date at Straight Street Inc., a twelve-month structured inpatient substance abuse treatment center in Springfield.  *Id.* at 5.  The Government opposes Defendant's motion, arguing the motion does not meet the standard for reopening a detention hearing.  Doc. 458.

II.     Analysis

A detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

---

[2] On January 11, 2019, a criminal complaint filed in the Southern Division charged Defendant with possession with intent to distribute 500 grams or more of methamphetamine, possession of firearms during drug trafficking crimes, possession with intent to distribute methamphetamine and heroin (mixture), and being a felon in possession of a firearm.  *See United States v. Elburki, et al.*, Case No. 19-03007-01-CR-S-BP (Doc. 1) (hereinafter the "Springfield case").  A pretrial report was prepared, and a detention hearing was held on January 17, 2019.  *See id.* (Docs. 5, 9). The Court entered a detention order finding the rebuttable presumption of detention applied, and there are no conditions of release that would reasonably assure Defendant's appearance at all proceedings and the safety of other persons and/or the community.  *Id.* (Doc. 14 at 1).  The Court found the weight of the evidence against Defendant was "overwhelming"; Defendant's criminal history included a history of failure to appear, a prior escape conviction, and criminal activity while under supervision; he was non-compliant while on parole and supervised release; and he was previously charged for giving false information to officers.  *Id.* (Doc. 14 at 1-2).  The Court also observed Defendant had a history involving violent behavior, weapons use, and similar criminal activity.  *Id.* (Doc. 14 at 2).  Defendant appealed the detention order in the Springfield case.  *Id.* (Doc. 36).  Chief Judge Beth Phillips affirmed the Order of Detention and denied Defendant's Motion to Review Detention Order.  *Id.* (Doc. 45).  On appeal, the Eighth Circuit summarily affirmed the District Court's decision.  *See United States v. Elburki*, Case No. 19-2391 (8th Cir. Aug. 1, 2019).  Mr. Elburki subsequently filed a motion to reconsider detention on the grounds that he had obtained a bed space at a treatment facility.  *See* Case No. 19-03007 (Doc. 59).  The motion to reconsider was denied.  *Id.* (Doc. 61). Defendant remained in custody on the Springfield case until the Government filed a motion to dismiss alleging Defendant was named in a related indictment in the instant case.  *Id.* (Docs. 70-71).

18 U.S.C. § 3142(f). By its express terms, this provision applies to reconsideration of a detention order and provides that reconsideration is permissible "only when there is new information that would materially influence the judgment" concerning potential flight risk and potential harm to any other person or the community. *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003).

### A. Fairness of the Detention Hearing

Defendant challenges the fairness of the detention hearing on the grounds that "[n]o pretrial report based upon an interview in the Kansas City Division contemporaneous with the indictment in this matter was prepared in advance of that hearing." Doc. 440 at 5. A supplemental Pretrial Services Report was prepared in this case that referenced the Pretrial Services Report prepared in the Springfield case.[3] Doc. 21 at 1. The supplemental report observed Defendant had remained in the custody of the United States Marshals Service since the Springfield report had been prepared. *Id.*

There was nothing unfair or improper regarding the supplemental Pretrial Services Report and its reference to the prior Pretrial Services Report. During the detention hearing in this case, the Court specifically referenced the supplemental Pretrial Services Report and observed that it incorporated by reference the report prepared in the Springfield case on January 15, 2019. Doc. 61 at 8. Defendant did not object to the Court's consideration of the previous report or assert it should not be considered. *See id.* at 8-14. In fact, defense counsel confirmed that he received both reports, that he had reviewed the reports with Defendant, and that Defendant would stipulate the testimony of the pretrial office would be the same as the information included within the reports. *Id.* at 8-9, 13-14.

---

[3] Notably, the Pretrial Services Report for the Springfield case was prepared by a pretrial services officer in the Kansas City office. *See* 19-03007 (Doc. 44 at 4-5) (referencing the original Pretrial Services Report was prepared by Katherine Dickensheet, a United States Probation Officer in Kansas City). The Court also observed Defendant made his initial appearance on the Springfield Complaint in Kansas City. *Id.* (Doc. 44 at 2).

In addition to the Pretrial Services Report, Defendant and his counsel were afforded a full and fair opportunity to present additional arguments for his release. Defense counsel supplemented and updated some of the information contained in the Springfield report. *Id*. at 14-15. Defense counsel introduced several exhibits. *Id.* at 10. And defense counsel presented significant arguments in favor of release. *Id.* at 13-26. Further, Defendant personally addressed the Court during the detention hearing. *Id.* at 26-28, 31.

Stated simply, Defendant had a fair detention hearing in this case. There were no limitations placed on his ability to adduce evidence or supplement any information from the Springfield pretrial report. He did not seek a review or appeal of the detention order under 18 U.S.C. § 3145. It was not error for the Court to consider the prior Pretrial Services Report prepared in the Springfield case. Further, Defendant's arguments regarding the fairness of the detention hearing do not provide a sufficient basis to reopen the detention hearing under 18 U.S.C. § 3142(f). The manner in which the detention hearing was conducted were circumstances known to Defendant at the time of the detention hearing.

### B. Government's Arguments During the Detention Hearing

Defendant contends the Government argued at the detention hearing that he was in possession of one kilogram of heroin "which does not comport with the discovery." Doc. 440 at 4. The references to one kilogram of heroin occurred during the arraignment proceeding. *See* Doc. 61 at 3-6. During the arraignment, Government counsel summarized the charges against Defendant including Count One, which alleged a conspiracy to distribute, *inter alia*, one kilogram or more of heroin, and Count Twenty-Two, which alleged possession with intent to distribute, *inter alia*, one kilogram of heroin. Doc. 61 at 3-6; *see also* Doc. 1. The Government also summarized the forfeiture allegation, which seeks a money judgment related to, among other things, ten kilograms of heroin. Doc. 61 at 6; Doc. 1 at 16.

5

After carefully reviewing the transcript of the detention hearing, the Court cannot find any additional references made by Government counsel that Defendant personally[4] possessed one kilogram or more of heroin. *See* Doc. 61 at 7-35. Defendant's argument regarding the amount of heroin is misplaced as the Government was required to summarize the nature of the offenses alleged in the indictment, which included the alleged weight of controlled substances. Further, this argument does not provide a sufficient basis to reopen the detention hearing under 18 U.S.C. § 3142(f). Any arguments made by Government counsel during the detention hearing were circumstances known to Defendant at that time.

Defendant also claims the "government argues that the Defendant had an extensive criminal history for crimes of violence, when in fact the only such history involves a misdemeanor conviction from when the Defendant was 19 years of age for assault." Doc. 440 at 4. The Government argued the Pretrial Report has multiple entries[5] for violence, failure to obey law enforcement, and failure to comply with court orders. Doc. 61 at 12.

The initial Pretrial Services Report lists several prior instances of Defendant's violent behavior. In 2000, Defendant was arrested for burglary of habitation in Tarrant County, Texas, where it was alleged Defendant admitted to stealing a gun and pointing it at juveniles. Case No. 19-03007 (Doc. 5 at 4). In 2004, Defendant was convicted of first-degree burglary in Platte County, Missouri, where it was alleged Defendant entered the office of a Hobby Lobby store to gain access to a safe, threatened an employee with immediate physical injury, and indicated he had a gun. *Id.* In 2007, Defendant was convicted of two counts of resisting arrest and one count of carrying a concealed weapon in Liberty, Missouri Municipal Court. *Id.* In 2008, he was convicted

---

[4] It should be noted that Count One charged a conspiracy involving ten other individuals, while Count Twenty-Two alleged a possession crime with eight other individuals. *See* Doc. 1.

[5] The transcript indicates the term "injuries" as opposed to "entries." Doc. 61 at 12. This appears to be a scrivener's or transcription error.

of escape and third-degree assault in Clay County, Missouri. *Id.* Upon Defendant's escape, he hit and injured another person. *Id.* In 2009, Defendant was convicted of second-degree arson in Jackson County. *Id.* at 5. The report indicates officers responded to a dental office where two individuals were barricaded inside and refused to surrender to police. *Id.* Defendant then committed an arson and was seen fleeing from the building. *Id.*

The arguments made by Government counsel concerning the personal history and characteristics of Defendant, including past cases involving violent behavior, were well-supported by the facts adduced during the detention hearing. These arguments were not improper. Further, Defendant's challenge to arguments made by the Government at the detention hearing does not provide a sufficient basis to reopen the detention hearing under 18 U.S.C. § 3142(f). Any arguments made by Government counsel during the detention hearing were circumstances known to Defendant at that time.

### C. Reconsideration of Codefendants' Detention

Defendant argues "[c]o-defendants in the instant case have had reconsiderations of their detentions and have succeeded based upon the Court's decision that there exists a combination of conditions that ensure the safety of the community and the appearance of those defendants." Doc. 440 at 4. A decision whether to detain or release a person under the Bail Reform Act is specific to the individual defendant. *See Stack v. Boyle*, 342 U.S. 1, 9 (1951) (Jackson, J., concurring) (recognizing in a bail challenge that "[e]ach defendant stands before the bar of justice as an individual."); *United States v. Briggs*, 476 F.2d 947, 948 (5th Cir. 1973) (observing the "Bail Reform Act . . . clearly contemplates that each person has the right to separate consideration, to stand or fall on the merits of his own case . . . ."). Although the Bail Reform Act identifies several factors to consider in the release or detention determination, the treatment of codefendants is not one of them. *See* 18 U.S.C. § 3142(g). Further, the treatment of codefendants has no material

7

bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community with respect to Defendant.

### D. Inpatient Treatment

Defendant's motion proffers he has obtained a bed date at Straight Street, a twelve-month structured inpatient substance abuse treatment center in Springfield, Missouri. Doc. 440 at 5. This type of information meets the first prong for reopening a detention hearing under 18 U.S.C. § 3142(f), as it consists of new information that was not known to the movant at the time of the original detention hearing. The next question is whether the newly proffered information has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community under section 3142(f).

The Court finds the newly proffered information concerning Defendant's potential drug treatment does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure his future appearance and the safety of other persons and the community. The Court further finds the newly proffered information does not warrant reopening the detention hearing.

Defendant is charged with serious crimes.[6] Count One charges a conspiracy to distribute methamphetamine and heroin with an alleged statutory range of punishment of no less than ten years to a maximum of life imprisonment. Doc. 1 at 1. Count Three charges Defendant with carrying, possessing, using, brandishing, and discharging firearms during a drug trafficking

---

[6] This Order cites to the original indictment, which was pending at the time of the detention hearing. The Court understands a superseding indictment was filed on September 30, 2020. Doc. 144. Elburki is charged with the same offenses in the superseding indictment, which added new codefendants. The Court's analysis herein does not and would not change if the superseding indictment is considered.

offense and alleges a range of punishment of no less than ten years and no more than life imprisonment (for brandishing). *Id*. Further, any sentence imposed on Count Three must run consecutive to any other sentence. *See id*.; 18 U.S.C. § 924(c). Count Twenty-Two charges possession with intent to distribute methamphetamine and heroin and alleges a range of punishment of no less than ten years and no more than life imprisonment. Doc. 1 at 1. These alleged offenses are subject to the statutory rebuttable presumption of detention found in the Bail Reform Act. 18 U.S.C. § 3142(e)(3). The Court previously found the presumption was not rebutted by Defendant.

As discussed above, Defendant has a prior conviction for escape, prior instances of absconding from supervision or failing to appear, prior criminal activity while on supervision, and prior non-compliance with parole and supervised release conditions. The pretrial report notes felony convictions for first degree burglary, escape, second degree arson, second degree burglary, first degree property damage, theft, and felony damages to jail/property. *See* 19-03007 (Doc. 5 at 4-6). In addition, Defendant has a prior felony conviction for being a felon in possession of a firearm in this Court. *Id.* at 6; *United States v. Elburki*, No. 13-00003-01-CR-W-HFS. In that case, Defendant was not granted release on bond. Case No. 13-00003 (Docs 8-9). He was sentenced to 60 months' imprisonment followed by three years of supervised release. *Id.* (Doc. 94). While on supervised release, Defendant had several violations including failing to report as directed, making threats against his probation officer, drug use, possession of drug paraphernalia, association violations, not returning to RRC, not being truthful with his supervising officers, not attending drug treatment as directed, and possession of alcohol. *Id.* (Docs. 134, 140, 142, 146-48, 150-51, 153-54, 159, 162). His supervised release was ultimately revoked, and he was sentenced to fifteen additional months in custody. *Id.* (Doc. 163).

After carefully reviewing the record in this case, the facts clearly support the prior determinations made by multiple judges that there is no condition or combination of conditions that would reasonably assure Defendant's appearance in court or the safety of other persons and the community. The Court appreciates the efforts of Defendant in identifying residential drug treatment opportunities. However, the evidence concerning Defendant's history and characteristics, including his criminal history and behavior while incarcerated and on supervision, justify detention. The newly proffered information does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure Defendant's appearance at future court proceedings and the safety of other persons and the community. The Court finds that the detention hearing should not be reopened on the basis of the information concerning drug treatment and continued detention is warranted in this case.

Based on the foregoing, Defendant's Motion to Reconsider Bond (Doc. 440) is **DENIED.** Defendant shall remain in the custody of the United States Marshal pending further proceedings in this case.

**IT IS SO ORDERED**.

DATE: May 2, 2022

                                                               */s/ W. Brian Gaddy*
                                                                W. BRIAN GADDY
                                                                UNITED STATES MAGISTRATE JUDGE