**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-00406-01-CR-W-RK** |
| | ) | |
| **KAMEL MAHGUB ELBURKI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On February 9, 2023, the Court held an attorney appointment hearing during which Defendant, his counsel, S. Chase Higinbotham, and Government counsel, Bruce Rhoades, were present in person. Doc. 632. During said hearing, Defendant orally requested a *Faretta* hearing. Doc. 633. The Court granted Defendant's request, and scheduled a *Faretta* hearing for February 23, 2023. Doc. 632, 634. For the reasons discussed below, the Court **DENIES** Defendant's request to proceed pro se.

The Sixth Amendment to the United States Constitution implies a right of self-representation. *Faretta v. California*, 422 U.S. 806, 821 (1975). This choice must be honored "[e]ven though a defendant may conduct his own defense to his detriment by relinquishing the benefits associated with the right to counsel." *United States v. Turner*, 644 F.3d 713, 720 (8th Cir. 2011). The Supreme Court in *Faretta* held that "forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so." 422 U.S. at 817.

To represent himself, a defendant must knowingly, intelligently, and voluntarily waive his right to counsel. *See United States v. Armstrong*, 554 F.3d 1159, 1165 (8th Cir. 2009) (citing *United States v. Crawford*, 487 F.3d 1101, 1105 (8th Cir. 2007)); *see also Faretta*, 422 U.S. at

835. This standard is met if the trial court specifically informs the defendant of the dangers and disadvantages of self-representation. *Faretta*, 422 U.S. at 835; *see also United States v. Ladoucer*, 573 F.3d 628, 633 (8th Cir. 2009). A court is not, however, required to ensure the defendant is capable of representing himself as well as a trained and experienced lawyer. *Ladoucer*, 573 F.3d at 633 (citing *United States v. Patterson*, 140 F.3d 767, 774 (8th Cir. 1998)). A court must only ensure that the defendant understands the risks involved in representing himself and that he has knowingly and intelligently chosen self-representation. *Id*. A defendant's technical legal knowledge is "not relevant to an assessment of his knowing exercise of the right to defend himself." *Faretta*, 422 U.S. at 836.

If a defendant's request to assert his right to self-representation is clear and unequivocal, a *Faretta* hearing must follow. *United States v. Kelley*, 787 F.3d 915, 918 (8th Cir. 2015). Before allowing a defendant to waive his right to counsel, "the district court must question the defendant about his knowledge of the right and adequately warn him of the dangers involved in proceeding pro se." *United States v. Luscombe*, 950 F.3d 1021, 1027 (8th Cir. 2020). "It must also be satisfied that the defendant is competent to waive the right and stand trial." *Id*. Furthermore, the Court "must be satisfied that the waiver of counsel is knowing and voluntary." *United States v. Stanley*, 891 F.3d 735, 738 (8th Cir. 2018) (quoting *Turner*, 644 F.3d at 721).

On February 23, 2023, the Court conducted a *Faretta* hearing and found Defendant's statements of his desire to represent himself were clear and unambiguous. After confirming his desire to proceed pro se, the undersigned reviewed Defendant's right to counsel, the nature of the charges contained in the indictment, and the potential range of punishment associated with each charge. The Court inquired about Defendant's knowledge of the applicable rules and court procedures in a criminal case.

The undersigned also inquired about Defendant's competency to make important decisions and the voluntariness of his election to proceed pro se. Defendant repeatedly stated he was being "forced" to proceed pro se. Specifically, he believed he was required to proceed without counsel to litigate his previously filed pro se motion (Doc. 631).[1] Based on Defendant's assertions, the Court stopped the *Faretta* inquiry. As Defendant repeatedly asserted that he was being "forced" to proceed without counsel, the Court finds his request is not voluntarily made. *See e.g.*, *Godinez v. Moran*, 509 U.S. 389, 401 n.12 (1993) (noting the purpose of the knowing and voluntary inquiry is to confirm a defendant's understanding of the significance and consequences of his decision, and to ensure the decision was uncoerced.). Accordingly, Defendant's request to proceed pro se is hereby **DENIED**. S. Chase Higinbotham shall remain as counsel of record unless and until relieved by order of the Court.

**IT IS SO ORDERED.**

DATE: February 24, 2023                     _/s/ W. Brian Gaddy_
                                            W. BRIAN GADDY
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] At this juncture, the Court will not address whether Defendant's desire to litigate pro se motions is an appropriate basis on which to proceed pro se pursuant to *Faretta* and its progeny.