IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 19-00406-01-CR-W-RK |
| KAMEL MAHGUB ELBURKI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

On February 23, 2023, the Court held a *Faretta* hearing during which Defendant Elburki; his appointed counsel, S. Chase Higinbotham; and Government counsel, Bruce Rhoades, were present in person. Doc. 644. During the Court's *Faretta* inquiry[1], Defendant asserted he is entitled to counsel during the litigation of his pro se motion (Doc. 631). Defense counsel stated he did not believe the Criminal Justice Act permitted him to litigate Defendant's motion because it seeks return of his funds to retain counsel of his own choosing. In light of his assertions, the Court directed Mr. Higinbotham "to file a brief with applicable authority addressing whether he is permitted to represent Defendant in litigating his pro se motion." Doc. 646 at 2.

Mr. Higinbotham's brief was filed on March 3, 2023. Doc. 651. Therein, counsel conceded he has "not been able to find cases on point with whether the courts have authority to order CJA counsel . . . in assisting clients" with said motions. *Id*. at 2. He acknowledged an individual may be eligible for CJA counsel in ancillary matters – i.e., where "issues of law or facts are the same as in the criminal proceeding, or closely related." *Id*. Relevant to Defendant's pro

---

[1] The Court ultimately denied Defendant's request to proceed pro se as it was not voluntarily made. *See* Doc. 645.

se motion (Doc. 631), Mr. Higinbotham stated preservation of a "claim of the CJA client to an interest in real or personal property" may be an ancillary matter, and CJA representation "is necessary to protect a Constitutional right." *Id*. at 2-3. Yet, Mr. Higinbotham argued Defendant's motion, which involves a claim to personal property and alleges a violation of the Sixth Amendment right to counsel, was not an ancillary proceeding. *Id*. at 3. Thus, he argued he should not be required to represent Defendant related to the motion. *Id*.

In *United States v. Dahda*, No. 12-20083-02-DDC, 2020 WL 6701226, at *1 (D. Kan. Nov. 13, 2020), CJA counsel filed a motion seeking the return of the defendant's property. Upon a request for clarification, Judge Daniel D. Crabtree entered an order confirming CJA counsel continued to represent the defendant with respect to the motion for return of property and directed counsel to file a reply to the government's responsive pleading. *Id*. Accordingly, motions seeking the return of property are ancillary and are properly addressed by court-appointed counsel.

On April 7, 2023, the Court held an attorney appointment hearing on defense counsel's previously filed Motion for Leave to Withdraw (Doc. 662).[2] *See* Docs. 693, 697. At this hearing, defense counsel's representation during Defendant's pro se motion (Doc. 631) litigation was not discussed. *See id*. To the extent Mr. Higinbotham maintains he should not be required to represent Defendant related to his Motion for Release of Untainted Funds, the Court is not persuaded by counsel's unsupported arguments, and therefore, **DENIES** counsel's request. Defense counsel shall file reply suggestions, if any, in support of Defendant's Motion to Return Untainted Funds (Doc. 631) by no later than May 8, 2023.[3]

---

[2] On May 1, 2023, the undersigned denied counsel's Motion for Leave to Withdraw (Doc. 662). Doc. 734.

[3] Any reply must be filed by Defendant's counsel. *See* Doc. 273 at 5 ("For defendants represented by counsel, the Court will **only** accept pretrial filings made by counsel. *Pro se* filings **will not** be accepted for defendants who are represented by counsel.") (emphasis in original).

2

**IT IS SO ORDERED.**

DATE: May 1, 2023                                */s/ W. Brian Gaddy*
                                                                  W. BRIAN GADDY
                                                                  UNITED STATES MAGISTRATE JUDGE