IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-00406-01-CR-W-RK |
| ) | |
| KAMEL MAHGUB ELBURKI, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On May 21, 2024, counsel for Defendant Kamel Mahgub Elburki filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 906. On May 22, 2024, the Court granted the motion. Doc. 909. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b). *Id*.

Shortly thereafter, Defendant was designated to Metropolitan Detention Center – Los Angeles for psychiatric evaluation. On June 25, 2024 the Court granted Metropolitan Detention Center – Los Angeles's request for a fifteen day extension of time to complete the competency evaluation. Doc. 913.

On July 30, 2024, the Court received a forensic evaluation from E. Morse, Psy.D. who concluded "there is no evidence to suggest Mr. Elburki is suffering from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Doc. 926 at 13. Dr. Morse concluded "[t]here is limited evidence to suggest Mr. Elburki is unable to adequately understand the charges against him and court proceedings," and "he is unlikely to have

impairment in these areas given his frequent interactions with the legal system." *Id*. Further, Dr. Morse specifically noted "[w]hile it is likely Mr. Elburki may not consistently satisfactorily cooperate and assist counsel in his defense, this deficit does not appear to be the result of a mental illness." *Id*. Instead, Dr. Morse concluded "any challenges (e.g., cooperation, conversational reciprocity, behavioral outbursts) . . . are likely to be driven by volitional, non-compliance on behalf of Mr. Elburki," not "secondary to a mental health condition." *Id*. at 14.

On September 3, 2024, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 930. Defendant, his counsel, John Picerno, and Government Counsel Bobby Smith, all appeared in person. *Id*. Both Government and defense counsel stipulated that the Court could consider Dr. Morse's forensic evaluation as if Dr. Morse had appeared in person and testified under oath. *Id*. No additional evidence was offered by either party. *Id*. Based on the record before the Court, including Dr. Morse's report (Doc. 296), it is

RECOMMENDED that the District Court find Defendant is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded they have fourteen days in which to file any objection to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: September 3, 2024           */s/ W. Brian Gaddy*
                                                             W. BRIAN GADDY
                                                             UNITED STATES MAGISTRATE JUDGE